# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**GREGORY W. WRIGHT,**
**Claimant Below, Petitioner**

**FILED**

September 15, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0589** (BOR Appeal No. 2053960)
            (Claim No. 2018025231)

**WEST VIRGINIA MILITARY AUTHORITY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gregory W. Wright, a self-represented litigant, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Military Authority, by Counsel James W. Heslep, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on May 25, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 20, 2019, Order. The Order was affirmed by the Board of Review on June 6, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wright, an information technologist, alleges that he developed an occupational disease in the course of and resulting from his employment. On April 17, 2014, Mr. Wright was treated at WVU Healthcare Ophthalmology-Eye Institute for upper left eyelid drooping for the past two years, as well as eye watering. He was diagnosed with dermatochalasis OS>OD with mild brow ptosis and iris nevus OS-longstanding without mass or corectopia or feeder vessel.

On January 14, 2016, Mr. Wright sought treatment from Rene Rodriguez-Sains, M.D., from Marshall Eye Surgeons, for glaucoma, dermatochalasis, vitreous floaters, and visual asthenopia. It was noted that he began experiencing intermittent swelling of the left eyelids approximately three years prior. On examination, Mr. Wright's eyes were normal, and he was

1

advised to consult his family physician about fluid retention. Mr. Wright returned to Marshall Eye Surgeons on June 1, 2016, for eyelid drooping that had been ongoing for four to five years. He reported that his eyes water a lot at work. It was determined that there was no physiological explanation for his subjective complains. Mr. Wright was referred to his nephrologist or internist as there was no ophthalmic explanation for his symptoms.

A June 14, 2016, treatment note by John Nguyen, M.D., of WVU Ophthalmology-Eye Institute, indicates Mr. Wright was seen for lower left eyelid swelling that reportedly started a year and a half prior. He reported constant swelling and pressure in the lower left eyelid. Dr. Nguyen diagnosed eyelid swelling, dermatochalasis, and dry eyes. He found no swelling on examination.

A treatment note from Marshall Eye Surgeons indicates Mr. Wright reported lower eyelid swelling and pressure on November 15, 2016. Examination was unchanged from his June 1, 2016, visit. It was noted that he had seen several physicians over multiple years and none had been able to determine a cause for the reported symptoms. It was further noted that examination that day showed no objective cause of the symptoms. Surgery was not recommended so Mr. Wright requested a referral.

A January 12, 2017, treatment note from David George, PA-C, indicates Mr. Wright reported pressure and swelling under his eyes for the past year. He underwent an indirect laryngoscopy and a nasal endoscopy. Mr. George diagnosed deviated septum, hypertrophic turbinates, and atypical face pain. Nearly a year later, Mr. Wright treated with Dr. Hunt, who noted that he reported blurry vision as well as tightness and swelling under his eyes. Dr. Hunt diagnosed dry eyes, physiologic cupping, eyelid swelling, iris heterochromia, and presbyopia.

An April 12, 2018, treatment note by Brian Heaberlin, M.D., indicates Mr. Wright was seen for swelling under his eyes. It was noted that he had stage three chronic kidney disease. Mr. Wright reported that he had eye issues and facial pain since December of 2017. He stated that when he woke up, his eyes were normal and began to swell after a few hours. Dr. Hearberlin diagnosed allergic conjunctivitis, atypical face pain, and subclinical hypothyroidism. On April 23, 2018, Mr. Wright returned following an allergy test. The test was positive for trees, grass, mold, cockroaches, and dust mites. Allergy medication was prescribed.

Mr. Wright completed an Incident Report on May 14, 2018, stating that he was allergic to something in his workplace which caused swelling, discoloration, and pain under his eyes. The claims administrator rejected the claim on May 25, 2018. A treatment note from Stultz Sleep and Behavioral indicates Mr. Wright reported an allergy to something in his workplace when he was seen on July 30, 2018. He complained of eye swelling and insomnia. He was advised to continue his medication and undergo therapy to rule out anxiety.

Samples were collected from Mr. Wright's workplace and a report was prepared on August 2, 2018. The Mold Identification Report indicates a black substance retrieved from the vent in Mr. Wright's office was tested and was found to be Arthrographis spp., Aspergillus spp., and Geotrichum spp. On August 23, 2018, Pinnacle Environmental Consultants, Inc., performed tests

of Mr. Wright's office air and surfaces. It found that the readings were within acceptable limits. There was no indication of high levels of volatile organic compounds.

In a September 25, 2018, letter, Mr. George stated that Mr. Wright's allergy test was positive for Aspergillus. He was treated with allergy shots and immunotherapy. It was noted that he had made several changes in his home to reduce allergens. Mr. George stated that Mr. Wright's work environment was tested after several employees developed allergy and sinus problems. Mold and higher levels of acetone were found. Mr. George diagnosed allergic conjunctivitis, allergic rhinitis, and hypothyroidism. Mr. George opined that it was possible that Mr. Wright's work environment was causing or worsening his allergies.

In a September 28, 2018, letter, Dr. Stultz stated that Mr. Wright was treated for insomnia, possible anxiety, and environmental allergies. She noted some recent mold exposure, which could be worsening his symptoms. Mr. Wright's supervisor, Robert Mills, reported in a November 26, 2018, notarized statement that Mr. Wright had reported allergy symptoms for the past year. Mr. Mills and other coworkers had noticed Mr. Wright's swollen eyes. In order to alleviate the symptoms, the employer purchased an air purification system, had the HVAC vents inspected and cleaned, placed air filters in the vents, had the air quality tested, and eventually transferred Mr. Wright to an office in a different facility.

Dr. Timoney stated in an undated letter that he saw Mr. Wright on January 29, 2018, and diagnosed bilateral upper eyelid involutional ectropion. He opined that the condition is characteristic of floppy eyelid syndrome, which is strongly associated with sleep apnea. Mr. Wright was treated by Donald Howsher, FNP, on November 28, 2018. He stated that he was treating Mr. Wright for allergic allergies which caused sinus congestion and bilateral eye irritation. Mr. Howsher diagnosed allergic rhinitis.

In a December 4, 2018, hearing before the Office of Judges, Mr. Wright testified that he listed the date of last exposure as December 1, 2017, because that was the date his most recent symptoms became daily occurrences. He stated that he experienced under eye swelling, eye burning, eye watering, and pressure. Mr. Wright also developed insomnia as a result of being overworked. He testified that he worked the help desk by himself, resulting in a lot of stress. He was treated in 2014 for excessing tearing of the left eye. Mr. Wright stated that he bought a mold test kit and had samples from his vents analyzed. They were positive for a mold to which he is allergic. Mr. Wright asserted that the coworker next to his office also experiences sinus problems.

The Office of Judges affirmed the claims administrator's rejection of the claim in its February 20, 2019, Order. It found that Mr. Wright asserts that his insomnia is caused by his allergies, which are the result of his work environment. He also asserts that being overworked contributes to his insomnia. The Office of Judges concluded that a causal connection was not established between Mr. Wright's allergies and insomnia and his work environment. The Office of Judges found that the allergy test was positive for several common allergens including trees, grass, mold, cockroaches, and dust mites. The Office of Judges noted that the August 23, 2018, Pinnacle Environmental Consultant's Report found that air quality results were within acceptable limits. ALS Environmental found that there was no indication of high levels of volatile organic

3

compounds. The Office of Judges noted that Mr. Wright was moved to a different facility in November of 2018, but his symptoms continued. The Office of Judges further found that Mr. Wright had eye symptoms for years before he filed his claim. It was noted that he had bilateral upper eyelid involutional ectropion, a characteristic of floppy eye syndrome, which is strongly associated with sleep apnea. Based on a preponderance of the evidence, the Office of Judges concluded that Mr. Wright failed to show a causal connection between his medical conditions and his work environment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 6, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Though an air quality test showed the presence of Aspergillus, which Mr. Wright is allergic to, his symptoms did not improve when he was transferred to another facility. Further, Mr. Wright is allergic to several substances commonly found in the environment, which could be the cause of his symptoms. He failed to show a sufficient causal connection between his allergy condition and insomnia and his work environment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 15, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison